Pappas v B & G Holding Co. (2025 NY Slip Op 01873)

Pappas v B & G Holding Co.

2025 NY Slip Op 01873

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 35136/20|Appeal No. 4000|Case No. 2024-06085|

[*1]Dean George Pappas etc., et al., Plaintiffs-Appellants,
v
B & G Holding Co. Doing Business as B & G Holding Company, et al., Defendants-Respondents.

The Ahearne Law Firm, PLLC, Warwick (Allan J. Ahearne, Jr. of counsel), for appellants.
Piana & Gioe, LLC, Hauppauge (Jack Piana of counsel), for respondents.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered September 6, 2024, which denied plaintiff's motion pursuant to CPLR 3001 for a declaratory judgment and granted defendants' cross-motion for summary judgment on their counterclaim for specific performance, unanimously affirmed, with costs.
The partnership agreement between decedent William Egan and defendant Eugene Leogrande (collectively, the partners) prohibited each of them from "sell[ing], transfer[ing] . . . or otherwise dispos[ing]" of his partnership interest or his shares in the partners' jointly owned corporations "except in accordance with the terms and conditions set forth in this Agreement." The partnership agreement provided that transfers of each partner's interest or stock during his lifetime could only be made after, inter alia, giving notice to the other partner and affording him a first option to purchase the interest or stock at a price set by the agreement. Paragraph 4(A) of the agreement further provides: "The death of a Shareholder or Partner shall constitute an offer of the personal representative of such deceased Shareholder's or Partner's estate to sell all of his Shares or Partnership Interest held by the estate" at a price determined as provided by the agreement.
Supreme Court correctly determined that decedent breached the partnership agreement by including in his will a bequest to plaintiff of his partnership interest and his shares in the relevant corporations. The parties plainly intended to require that such transfers be made solely in compliance with the terms of the agreement, whether during a partner's lifetime or after his death. To allow a partner to circumvent those contractual terms posthumously by making a specific testamentary disposition of his interest would defeat the parties' clear intentions and reasonable expectations at the time of contracting. Since the bequest of the partnership interest was invalid as a breach of the decedent's contractual obligations, the court properly denied plaintiff's motion for summary judgment and granted defendants' cross-motion for summary judgment on their counterclaim for specific performance of the partnership agreement's provisions for the transfer of a deceased partner's interest and shares to the surviving partner (see Sutton v East Riv. Sav. Bank , 55 NY2d 550, 555 [1982] [in construing a written agreement, "the aim is a practical interpretation of the expressions of the parties to the
end that there be a realization of their reasonable expectations"] [internal quotation marks and brackets omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025